JOHN H. GRIEVE, ADMINISTRATOR OF HENRY T. OHMAN, DECEASED, v. NORTH JERSEY STREET RAILWAY COMPANY.

Argued June 12, 1900—Decided November 12, 1900.

Under the Death act the damages to be recovered by an executor or administrator are limited to the actual pecuniary loss of the next of kin of the deceased. Where it appears that there is no next of kin except a father, and that he has not been heard from for five years, and that the deceased was sixteen years of age at his death, a verdict of $900 is excessive. *Telfer* v. *Northern Railroad Co.*, 1 *Vroom* 188, followed.

In tort. On rule to show cause.

Before DEPUE, CHIEF JUSTICE, and Justices GUMMERE, LUDLOW and FORT.

For the plaintiff, *David F. Edwards* and *Charles D. Thompson.*

For the defendant, *James B. Vredenburgh.*

The opinion of the court was delivered by

FORT, J. In this case no error is found in any of the rulings of the court or in its refusal to nonsuit. The negligence of the agent of the defendant company in permitting the deceased to ride on the rear bumper of the car is clear, and that he sanctioned his so doing and collected fare of him while seated there is admitted. He was thus put in a place of exceptional danger and the result that happened is not surprising. It is also difficult to imagine how a car approaching from the rear could run against the car ahead of it, as this one did, without gross carelessness of the motorman of the approaching car, particularly as it was not dark and the deceased and others were seated in plain sight. The difficulty, however, is with the amount of damages awarded.

The suit is by an administrator under the Death act, and

the damages are limited to the pecuniary loss of the next of kin of the deceased. The deceased had no known next of kin living except a father, and he had not been heard from for about five years. The deceased always kept his own earnings and had never contributed to the father's support. The deceased was sixteen years of age. His father, if he ever returns, will not be entitled to claim his wages beyond his twenty-first birthday. The case presents difficulty, therefore, on this question only.

In the case of *Telfer* v. *Northern Railroad Co.*, 1 *Vroom* 188, where the injured boy had seven years still to serve his father, this court set aside a verdict of $1,056 as excessive. Here, if the father ever returns, he cannot have over four and a half years of possible pecuniary aid from the boy, and this aid of course reduced to the extent of the boy's own living expenses.

Under the circumstances, unless the plaintiff will consent to reduce the verdict in this case to $500, the rule will be made absolute.